UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS INDEPENDENT SCHOOL DISTRICT, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:15-CV-1961-G |
| MICHELLE WOODY, as next friend to K.W., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Michelle Woody ("Woody"), as next friend to K.W., for partial summary judgment (docket entry 80). This case was brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"). The facts of this case were previously discussed in the court's opinion dated April 15, 2016. *See* Memorandum of Decision of April 15, 2016 (docket entry 55). The plaintiff Dallas Independent School District ("DISD") appealed that decision, the judgment signed on April 27, 2016 (docket entry 59), and the amended judgment signed on May 12, 2016 (docket entry 62), to the Fifth Circuit Court of Appeals ("Fifth Circuit").

On July 27, 2017, the Fifth Circuit reversed in part and affirmed in part those decisions and remanded the case back to this court to determine the amount of reimbursement owed from April 24, 2014, to the end of the school year. See *Dallas Independent School District v. Woody*, 865 F.3d 303, 322 (5th Cir. 2017). The parties agree that the amount of reimbursement owed for this period totals $3,575.60.[1] Defendant's Brief in Support of Motion for Partial Summary Judgment ("Motion") at 3 (docket entry 81); Dallas Independent School District's Brief in Support of its Response to Defendant's Motion for Partial Summary Judgment ("Response") at 3-4 (docket entry 84). However, the parties disagree as to whether DISD owes prejudgment and postjudgment interest on $3,575.60.[2] Specifically, Woody requests prejudgment interest from October 21, 2014, the date on which she filed a request for a due process hearing, to the date of judgment at the rate of 5% per year under Texas Finance Code § 304, *et seq*. Motion at 3. Woody avers that since a special education officer issued a final decision on May 6, 2015, she "has been subjected to [DISD]'s appeals of that decision . . . [, and s]he is entitled to recover prejudgment interest because the delay in receiving payment is due solely to the actions of

---

[1] DISD previously deposited $25,426.93 into the registry of this court. *See* Order (docket entry 13). DISD admits an excess of $3,575.60 of this amount currently sits in that registry. Response at 3.

[2] Pursuant to 28 U.S.C. § 1961, the court grants Woody's motion for postjudgment interest.

- 2 -

[DISD]." Defendant's Reply Brief in Support of Motion for Partial Summary Judgment at 2 (docket entry 85).

Woody concedes that the court has discretion to decide to award prejudgment interest under the IDEA. *Id.* (quoting *I.W. by & through Karen K. v. Hardin-Jefferson Independent School District*, No. 1:15-CV-332, 2017 WL 5644386, at *20 (E.D. Tex. Jan. 4, 2017) ("[T]he IDEA does not mandate or prohibit prejudgment interest; therefore, the court has discretion to make such an award.")). Here, DISD employed no dilatory tactics throughout which deprived Woody of monies due her. Accordingly, the court denies Woody's motion for prejudgment interest. See *S.F. v. McKinney Independent School District*, 2012 WL 718589 (E.D. Tex. Mar. 6, 2012), at *18, *report and recommendation adopted*, No. 4:10-CV-323-RAS-DDB, 2012 WL 1081064 (E.D. Tex. Mar. 30, 2012).

For the reasons stated above, Woody's motion for partial summary judgment is denied in part and granted in part. Woody's motion for prejudgment interest on the amount of reimbursement owed to her is **DENIED**. Woody's motion for postjudgment interest is **GRANTED**.

**SO ORDERED.**

January 31, 2018.

_____
**A. JOE FISH**
**Senior United States District Judge**